[Cite as *State v. Worden*, 2022-Ohio-4648.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  | JUDGES: |
| --- | --- | --- | --- |
| STATE OF OHIO | : | | Hon. W. Scott Gwin, P.J. |
| | : | | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | |
| -vs- | : | | |
| | : | | Case No. CT2022-0030 |
| MARC F. WORDEN | : | | |
| | : | | |
| Defendant-Appellant | : | | OPINION |


CHARACTER OF PROCEEDING:      Criminal appeal from Muskingum County
Court of Common Pleas, Case No.
CR2022-0021


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      December 21, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD L. WELCH      CHRIS BRIGDON
Prosecutig Attorney      8138 Somerset Road
BY TAYLOR P. BENNINGTON      Thornville, OH 43076
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Defendant-appellant Marc F. Worden ["Worden"] appeals from the imposition of consecutive sentences after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On January 26, 2022, Worden was indicted on one count of Illegal Use of Minor in Nudity-Oriented Material or Performance, a felony of the second degree, and two counts of Rape, felonies of the first degree.

{¶3} Worden was alleged to have invited two teenage minor boys to his home to view a gun collection and pornographic magazines. After supplying alcohol to at least one of the minors, the minor became drunk. It was then alleged that Worden followed him into a bathroom where he performed oral sex on the minor.

{¶4} Further, relating to Count 3, after executing a search warrant for Worden's phone, he admitted a photo of another minor's genitalia existed on his phone. Investigators then tracked down that minor and, after interviewing him, learned that a similar situation to that described above had taken place on June 11, 2022.

{¶5} On April 4, 2022, Worden entered guilty pleas to the amended counts of Illegal Use of Minor in Nudity-Oriented Material or Performance, a felony of the fifth degree, and two counts of Gross Sexual Imposition, felonies of the fourth degree.

{¶6} On May 9, 2022, Worden was sentenced in the Muskingum County Court of Common Pleas to the maximum allowable 12 months on Count 1, and the maximum allowable on Counts 2 and 3, 18 months, on each count. Further, all counts were ordered to run consecutive for an aggregate sentence of 48 months.

*Assignment of Error*

**{¶7}**   Worden raises one Assignment of Error,

**{¶8}**   "I.   DID THE TRIAL COURT VIOLATE WORDEN'S RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION?"

*Law and analyses*

**Standard of Appellate Review**

**{¶9}**   A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presence-investigation reports.  R.C. 2953.08(F)(1) through (4).

**{¶10}** We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.   R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶28.

**{¶11}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39.  The Ohio Supreme Court further elucidated in *State v. Toles*,

166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶12} In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649,

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  *See Jones* at ¶ 31, 39.  Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.  Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b).  This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'"  Id. at ¶34 quoting Black's Law Dictionary 328 (6th Ed.1990).  Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law.  Claims that raise these types of issues are therefore reviewable.

168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

**Issue for appellate review:** *Whether the trial court properly imposed consecutive sentences in Worden's case.*

### R.C. 2929.13(B)

**{¶13}** R.C. 2929.13(B) applies to one convicted of a fourth- or fifth-degree felony. Worden pled guilty to two felonies of the fourth degree and one felony of the fifth degree. In relevant part the statute provides,

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

**{¶14}** R.C. 2929.13(B)(1)(b) further provides,

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if *any* of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) *The offense is a sex offense that is a fourth- or fifth-degree felony violation of any provision of Chapter 2907. of the Revised Code.*

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

Emphasis added. Worden's offenses were sex offenses that are a fourth- or fifth-degree felony violations of provisions of Chapter 2907. of the Revised Code. Accordingly, the court had discretion to impose a prison term for the fourth- and fifth-degree felonies.

### R.C. 2929.14 (C)(4) Consecutive Sentences

{¶15} In order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not

disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16,  2929.17, or  2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶16} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" State *v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.   Otherwise, the imposition of consecutive sentences is contrary to law.  *See* Id.  The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  Id.

{¶17} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to**

**protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶18} The trial court considered this factor.  Sent. T. at 17-18.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶19}  This provision does not apply to Worden's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶20}  The trial court considered this factor.  Sent. T. at 16-17.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶21} The trial court made no finding with respect to this factor.

{¶22} Worden contends that the trial court did not consider the mitigating evidence presented that he had been a volunteer firefighter for 20 years, had established a business and has no prior felony convictions.  Sent. T. at 9.

**{¶23}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**{¶24}** Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶25}** In the case at bar, the mitigating factors were discussed in open court. Upon review of the record it is obvious that the trial court found the mitigating factors were substantially outweighed by Worden's lack of responsibility and remorse for his actions, the age of his victims, the psychological harm caused said victims, and that his position facilitated the offenses. Sent. T. at 11-16.

*Whether the trial court's decision to impose consecutive sentences in Worden's case is supported by the record.*

**{¶26}** According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell*, ¶28. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. at ¶29.

**{¶27}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶28}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Worden has not shown that the trial court imposed the

sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶29} Worden's sole assignment of error is overruled.

{¶30} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

[Cite as *State v. Worden*, 2022-Ohio-4648.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
MARC WORDEN                             :
                                        :
                                        :
                                        :
            Defendant-Appellant         :          CASE NO. CT2022-0030


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Muskingum County Court of Common Pleas is affirmed.  Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. PATRICIA A. DELANEY