[Cite as *State v. Perkins*, 2024-Ohio-419.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL PERKINS, | : | Case No. 23CA00021 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
Court of Common Pleas, Case No.
21 CR 00054

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 6, 2024

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

LINDSEY ANGLER      CHRIS BRIGDON
Prosecuting Attorney      8138 Somerset Rd.
Guernsey County, Ohio 43725      Thornville, Ohio 43076

*Baldwin, J.*

**{¶1}**   Appellant Michael Perkins appeals his sentence, imposed after he changed his plea to guilty pursuant to a negotiated plea agreement. The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   On November 20, 2020, the appellant was observed by an Ohio State Highway Patrol trooper driving a white Jeep on I-70 at approximately 1:00 a.m. The Jeep had an abnormally and persistently loud exhaust and, as the vehicle passed the trooper, the appellant leaned back in his seat in such a way so as to obscure himself from the trooper's view. As the trooper began to follow the Jeep he ran a check of the license plate, which came back as registered to a blue Volkswagen. The trooper initiated a traffic stop.

**{¶3}**   When asked for his license and registration, the appellant told the trooper that he did not have a valid driver's license. The trooper observed the appellant shaking and avoiding eye contact when he handed over his State I.D. card. The trooper thereafter learned that the appellant had two felony warrants for his arrest from Belmont County for aggravated trafficking of drugs in connection with offenses which had occurred in April of 2020 and in July of 2020.

**{¶4}**   Upon discovery of the outstanding felony warrants, the trooper asked the appellant to exit the vehicle. The appellant was detained, Mirandized, and advised that a K-9 unit was coming to the scene, at which time the appellant voluntarily admitted to having Methamphetamine and marijuana in the vehicle. A search of the vehicle revealed a plastic bag containing a crystal-like rocky substance which was later identified as

Methamphetamine; a plastic bag containing a green leafy plant material; and, a metal grinder containing green plant residue. It was later determined that the amount of Methamphetamine the appellant possessed at the time of the stop was more than five times the bulk amount, but less than fifty times the bulk amount.

{¶5} The appellant was taken to Belmont County and released into the custody of deputies at the sheriff's office for transport to the Belmont County Jail in connection with his outstanding Belmont warrants.

{¶6} On March 5, 2021, the appellant was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C) (1)(c), a felony of the second degree. The indictment was sent to the Belmont County Jail for service upon the appellant; however, he had been transferred to the Noble Correctional Institute, so the indictment was returned unserved. Service of the indictment was eventually completed on or about February 10, 2023. The appellant was arraigned on April 12, 2023, at which time he pleaded not guilty. He was still incarcerated on the Belmont County offenses at the time of his arraignment. Trial was scheduled for July 5, 2023.

{¶7} The parties negotiated a plea agreement and, on July 5, 2023, appeared for a Plea and Sentencing Hearing. A Plea of Guilty: Indefinite Sentencing order was completed in which the appellant agreed in writing to withdraw his not guilty plea and enter a plea of guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the second degree. The minimum penalty range listed in the plea of guilty form was two to eight years, with a maximum possible definite term of four years and longest possible maximum of twelve years. The order was signed by both the appellant and his trial counsel. The appellee outlined the circumstances surrounding the

appellant's arrest, as well as his criminal history, at the onset of the Plea & Sentencing Hearing.

**{¶8}** By way of mitigation, the appellant submitted that his father was a police officer and special Belmont County deputy before passing away, that his mother is retired and still living but ill, that he has three brothers living both in Ohio and out of state, and that he has two sons and three grandchildren.[1] He submitted further that he is in poor health. Based upon these purported mitigating factors, the appellant argued for the imposition of a four to six year sentence.

**{¶9}** The trial court engaged in the requisite Crim.R. 11 colloquy with the appellant. In addition, after reviewing the presentence investigation, the trial court outlined the appellant's criminal history as follows: he has a history of criminal convictions which began in 1991, when he was sentenced to a three to fifteen year prison term from which he was released in 1994; in 1995 he committed a felony theft offense and was once again sentenced to prison; he had a persistent disorderly conduct charge in 1999, menacing charges in 2002 and 2003, resisting arrest and disorderly in 2003, drug paraphernalia in 2006, and theft offenses in both January and June of 2015.

**{¶10}** In addition, the appellant had a fraudulent schemes felony charge in West Virginia for which he received a one to ten year prison sentence. Finally, he had the aforementioned Belmont County drug trafficking charges in 2020 for which he had been indicted at the time of the November of 2020, Guernsey County aggravated possession offense, as well as a driving under suspension charge. The appellant was in prison on the Belmont County charges at the time of the July 5, 2023 Plea and Sentencing Hearing.

---

[1] None of the appellant's family attended the Plea & Sentencing Hearing.

{¶11} The trial court noted that this was the appellant's sixth felony conviction, in addition to a number of misdemeanors. Based upon the appellant's criminal history, the trial court determined that recidivism was more likely, and that it was necessary to punish the appellant and to protect the public from future crime. The trial court further found that the appellant's record demonstrated that consecutive sentences were necessary.

{¶12} The trial court sentenced the appellant to an indefinite prison term of a minimum of six years and a maximum of nine years, the first six years of which is mandatory, all to be served consecutive to his sentence on the Belmont County matters. On July 6, 2023, the trial court issued a Negotiated Plea/Judgment of Conviction/Judgment Entry of Sentence memorializing its findings.

{¶13} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶14} "I. SHOULD [SIC] THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A SIX (6) YEAR SENTENCE; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

{¶15} The appellant argues that the trial court erred in imposing sentence. We disagree.

## STANDARD OF REVIEW

{¶16} Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings

under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

## ANALYSIS

{¶17} The appellant pleaded guilty to the aggravated possession of drugs in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog," a felony of the second degree. R.C. 2925.11 addresses the potential penalties for drug possession offenses, and states in pertinent part:

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

*     *     *

(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall

impose as a mandatory prison term a second degree felony mandatory prison term.

{¶18} R.C. 2929.14 addresses prison terms, and states in pertinent part:

(A)  Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (B)(9), (B)(10), (B)(11), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

*        *        *

(2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

{¶19} Further, R.C. 2929.13 addresses sentencing guidelines for various specific offenses and degrees of offenses, and states in pertinent part:

(C) Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

(D)(1) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code.

{¶20} Thus, the potential sentence for the appellant's aggravated possession of drugs was two, three, four, five, six, seven, or eight years, and a maximum term that is determined pursuant to section 2929.144 of the Revised Code. In addition, the trial court

had the discretion to find that the remainder of the appellant's sentence from the 2020 Belmont County charges be served consecutive to the sentence in the within matter.

{¶21} The appellant argues that the sentence imposed by the trial court failed to comply with R.C. 2929.11 or properly weigh the factors set forth in R.C. 2929.12. We disagree. R.C. 2929.11 provides in pertinent part:

(A)  A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)  A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶22} Further, R.C. 2929.12 provides in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2)   In committing the offense, the offender acted under strong provocation.

(3)  In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)    There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)  The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)  At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)   The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or

pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)  The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)  The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)  The offender shows no genuine remorse for the offense.

(E)  The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)  Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)  Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)  Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)  The offense was committed under circumstances not likely to recur.

(5)  The offender shows genuine remorse for the offense.

(F)  The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶23}  The appellant argues that there is no "victim" in this case and that this fact, together with the "mitigating factors" presented, render the trial court's sentence violative of Ohio law. The appellant's arguments are unpersuasive and do not establish that the trial court failed to comply with R.C. 2929.11(A) or properly weigh the factors set forth in R.C. 2929.12, particularly in light of the appellant's lengthy criminal history. The appellant's criminal history contains a significant number of criminal offenses which were committed prior to the offense in this case, including six felony convictions, and is indicative of the fact that the appellant had not led a law-abiding life for many years prior to the offense in this case.

{¶24}  This court recently addressed sentencing issues in *State v. Worden,* 5th Dist. Muskingum No. CT2022-0030, 2022-Ohio-4648:

R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended,

precludes second-guessing a sentence imposed by the trial court based on

its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27.

**{¶25}** In the case sub judice, the sentence imposed by the trial court on the charge to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

**{¶26}** The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crime by the offender. The appellant's presentence investigation established that he has a significant criminal history. The sentence imposed by the trial court achieves the aforesaid statutory purposes, as it punishes the appellant for his offense and protects the public from future crime by the appellant. To achieve those purposes, the trial court properly considered the appellant's history, the need to incapacitate the appellant, and the need to deter the appellant and others from committing future crimes. The appellant committed the offense of aggravated possession of drugs, a second degree felony, while there were two warrants out for his arrest on charges of aggravated trafficking of drugs, and he has a significant history of criminal behavior. R.C. 2929.12 gives the trial court the discretion to determine the most

effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.

{¶27} Based upon the foregoing, we find that the trial court did not commit error when it sentenced the appellant. The trial court's sentencing on the charge to which the appellant pleaded guilty complies with the applicable rules and sentencing statutes. While the appellant may disagree with the way in which the trial court weighed those factors, his sentence was within the applicable statutory range. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law.

## CONCLUSION

{¶28} Based upon the foregoing, appellant's sole Assignment of Error is overruled, and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.