**[Cite as *State v. Wood*, 2024-Ohio-2444.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANTHONY WOOD, | : | Case No. CT2023-0088 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2023-0181

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               June 25, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           CHRIS BRIGDON
Muskingun County Prosecutor               8138 Somerset Road
                                          Thornville, Ohio 43076
By: JOSEPH A. PALMER
Assistant Prosecutor
27 North Fifth St.
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} The appellant appeals his sentence following his plea of guilty to charges of theft from a person in a protected class and identity fraud. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} Victim J.M., the appellant's grandmother, reported to law enforcement that between December 2022 and January, 2023 several checks from her checking account were written to the appellant and deposited into his account without her authorization. Upon further investigation it was discovered that the appellant had taken nine of J.M.'s personal checks without her permission, forged them, and deposited them into his own checking account. He then withdrew the funds from his account.

{¶3} The appellant was indicted on March 23, 2023, on twenty two counts as follows:

- one count of telecommunications fraud in violation of R.C. 2913.05 (A), (B), and (C), a felony of the fourth degree;

- one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree;

- nine counts of forgery in violation of R.C. 2913.31(A)(1) and (C)(1)(c), a felony of the fifth degree;

- nine counts of receiving stolen property in violation of R.C. 2913.51(A) and (C), a misdemeanor of the first degree;

- one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fourth degree; and,

- one count of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(3), a felony of the third degree.

Bond was set at $250,000.00 cash, property, or surety. The appellant was arraigned on July 19, 2023, at which time he pleaded not guilty.

{¶4} On September 18, 2023, a change of plea hearing was conducted at which the appellant withdrew his plea of not guilty and entered a plea of guilty to the charges of theft from a person in a protected class, and identity fraud. The appellee agreed to dismiss the remaining counts in exchange for the appellant's plea of guilty to these two charges. The plea agreement form was reviewed with the appellant and his trial counsel, and was signed by the appellant, his attorney, and the appellee. The appellant's trial counsel stated on the record during the change of plea hearing that he had reviewed the plea agreement with the appellant, and that the agreement was entered into knowingly, intelligently, and voluntarily. The trial court engaged in the requisite colloquy during the hearing during which it discussed, inter alia, the fact that the trial court was under no obligation to follow the parties' joint recommendation regarding sentence. The court then accepted the appellant's guilty plea.

{¶5} The trial court conducted a sentencing hearing on November 1, 2023. The appellant had pleaded guilty to similar offenses against his grandmother in 2017, and at the time he committed the offenses in this case had not made restitution as ordered in that matter. In addition, the appellant was on post-release control at the time he committed the offenses in this case.

{¶6} The trial court noted during the sentencing hearing that the appellant's victim, his seventy-nine-year-old grandmother, had been victimized by the appellant in

the past, and that the appellant had violated a protection order issued in connection with his grandmother. In addition, the court noted that the appellant had telephoned his grandmother while in jail in this case and attempted to persuade her to drop the charges against him.

{¶7} The court sentenced the appellant to eighteen months in prison on the theft from a person in a protected class charge and thirty-six months in prison on the identity fraud charge, and ordered those sentences be served consecutively, for an aggregate sentence of fifty-four months. In addition, the court found that the appellant was no longer amenable to the terms and conditions of the post-release control he was on at the time he committed the current offenses, and imposed the remaining sixteen months of his post-release control time on to the fifty-four month sentence, for a total sentence of seventy months in prison.

{¶8} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶9} "I. SHOULD THIS COURT SHOULD [SIC] REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON COUNT 21 AND 22 IN CASE CR2023-181; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

{¶10} "II. SHOULD THIS COURT SHOULD [SIC] REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

**{¶11}** The appellant argues that his sentence was in contravention of Ohio law, and that his case should therefore be reversed and remanded for re-sentencing. We disagree.

## STANDARD OF REVIEW

**{¶12}** Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118, 123 (1954).

## ANALYSIS

**{¶13}** The appellant pleaded guilty to one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fourth degree, which provides in pertinent part:

> (A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1)     Without the consent of the owner or person authorized to give consent;

* * *

(B)(1) Whoever violates this section is guilty of theft.

* * *

(3) Except as otherwise provided in division (B)(4), (5), (6), (7), (8), or (9) of this section, if the victim of the offense is an elderly person, disabled adult, active duty service member, or spouse of an active duty service member, a violation of this section is theft from a person in a protected class, and division (B)(3) of this section applies. * * *  If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars, theft from a person in a protected class is a felony of the fourth degree. * * * If the victim of the offense is an elderly person, in addition to any other penalty imposed for the offense, the offender shall be required to pay full restitution to the victim and to pay a fine of up to fifty thousand dollars. The clerk of court shall forward all fines collected under division (B)(3) of this section to the county department of job and family services to be used for the reporting and investigation of elder abuse, neglect, and exploitation or for the provision or arrangement of protective services under sections 5101.61 to 5101.71 of the Revised Code.

{¶14} It is undisputed that the victim in this case, the appellant's grandmother, was seventy-nine years old, and therefore within the protected class as contemplated by the R.C. 2913.02(B)(3).

**{¶15}** In addition, the appellant pleaded guilty to one count of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(3), a felony of the third degree, which provides in pertinent part:

(A)    As used in this section, "personal identifying information" includes, but is not limited to, the following: the name, address, telephone number, driver's license, driver's license number, commercial driver's license, commercial driver's license number, state identification card, state identification card number, social security card, social security number, birth certificate, place of employment, employee identification number, mother's maiden name, demand deposit account number, savings account number, money market account number, mutual fund account number, other financial account number, personal identification number, password, or credit card number of a living or dead individual.

(B)    No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following:

(1)    Hold the person out to be the other person;

(2)    Represent the other person's personal identifying information as the person's own personal identifying information.

*        *        *

(I)(1) Whoever violates this section is guilty of identity fraud.

*        *        *

(3) If the victim of the offense is an elderly person, disabled adult, active-duty service member, or spouse of an active-duty service member, a violation of this section is identity fraud against a person in a protected class. * * * If the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct is one thousand dollars or more and is less than seven thousand five hundred dollars, identity fraud against a person in a protected class is a felony of the third degree. * * * If the victim of the offense is an elderly person, in addition to any other penalty imposed for the offense, the offender shall be required to pay full restitution to the victim and to pay a fine of up to fifty thousand dollars. The clerk of court shall forward all fines collected under division (I)(3) of this section to the county department of job and family services to be used for the reporting and investigation of elder abuse, neglect, and exploitation or for the provision or arrangement of protective services under sections 5101.61 to 5101.71 of the Revised Code.

{¶16} R.C. 2929.14 addresses prison terms. R.C. 2929.14(A)(3)(b) states:

For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

R.C.2929.14(A)(4) further states:

For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

{¶17} Thus, the appellant's possible sentence for the theft from a protected person charge, a fourth degree felony, was six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. His possible sentence for the identity fraud involving an elderly person charge, a third degree felony, was nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. The trial court imposed eighteen months on the theft from a protected person charge, and thirty-six months for the identity fraud charge, both of which are within statutory parameters.

{¶18} R.C. 2929.11 addresses the purposes of felony sentencing, and states in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning

to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶19} R.C. 2929.12 addresses the factors the trial court must take into account when imposing sentence in felony matters, and provides in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

\*       \*       \*

(3)     The offender's relationship with the victim facilitated the offense.

\*       \*       \*

(C)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)     At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)     The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)     The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)     The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to

acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)    The offender shows no genuine remorse for the offense.

(E)    The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)    Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)    Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)    Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)    The offense was committed under circumstances not likely to recur.

(5)    The offender shows genuine remorse for the offense.

**{¶20}** The appellant argues that the trial court abused its discretion when imposing sentence because it failed to take into account that he showed remorse for his actions and had engaged in "efforts to reconstruct his life through treatment" for his addiction. He argues further that the trial court failed to "discuss" the R.C. 2929.12 factors. We disagree.

**{¶21}** The trial court noted during the sentencing hearing that the appellant had failed to make restitution, both for the prior offense against his grandmother, and the offense in this case. It also noted that the appellant had violated a protection order prohibiting him from having contact with his grandmother, and gone to prison for the

violation; and had been on felony bond in 2016 when he committed domestic violence. It noted further that there was "another violation of a protection order" in 2016, an assault and drug paraphernalia charge in 2015, a drug paraphernalia charge in 2015, a domestic violence charge in 2011, and a harmful intoxication, civil conduct by fighting charge in 2010. Finally, the court noted that as a juvenile the appellant was adjudicated for aggravated vehicular assault and theft. The appellant had a long history of criminal conduct, and had not responded favorably to sanctions previously imposed for criminal convictions.

{¶22}  The trial court also addressed the fact that the appellant had telephoned his grandmother from jail in violation of a no contact order and was "making [his] grandmother feel bad for – trying to get her – trying to convince her not to be involved in this case to drop the charges." The appellant admitted at the sentencing hearing that he "did ask her to possibly call in and try to figure out something for" him.

{¶23}  The appellant submitted that he was an addict, but when the trial court asked him about treatment the appellant admitted that he did not follow through with or complete treatment outside of jail or prison.  The appellant further argues in his appellate brief that he was remorseful for victimizing his grandmother, and that the trial court failed to take his remorse into account in sentencing. However, the court summarized the appellant's history of theft from his grandmother, his violation of protection orders concerning his grandmother, and his telephone call to his grandmother from jail in which he attempted to convince her to drop the charges in the current case, and did not find the appellant's "remorse" to be sincere.

**{¶24}** This court recently addressed sentencing issues in *State v. Worden,* 5th Dist. Muskingum No. CT2022-0030, 2022-Ohio-4648:

> R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27.

**{¶25}** The sentence imposed by the trial court on the charges to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

**{¶26}** The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crime by the offender. The sentence imposed by the trial court in this case achieves the aforesaid statutory purposes, as it punishes the appellant for his offense and protects the public from future crime by the

appellant. The appellant's criminal history was discussed by the trial court during the sentencing hearing. To achieve the purposes of felony sentencing in this case, the trial court properly considered the appellant's history, the need to incapacitate the appellant, and the need to deter the appellant, and others, from committing future crimes.

**{¶27}** The appellant was on post-release control when he committed the offense of theft from a person in a protected class, his elderly grandmother from whom he had previously stolen, and the offense of identity fraud. He has a long history of criminal behavior. R.C. 2929.12 gives the trial court the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The trial court did not abuse this discretion.

**{¶28}** Based upon the foregoing, we find that the trial court did not err when it sentenced the appellant. The trial court's sentencing on the charges to which the appellant pleaded guilty complies with the applicable rules and sentencing statutes. While the appellant may disagree with the way in which the trial court weighed those factors, his sentence was within the applicable statutory range. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law.

**CONCLUSION**

{¶29} Based upon the foregoing, appellant's assignments of error are overruled,

and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.